UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARDO GONZALES,

        Plaintiff,

                                        Case No. 08-CV-12095
vs.                                  HON. GEORGE CARAM STEEH

MARYSVILLE SCHOOL DISTRICT/
BOARD OF EDUCATION,

        Defendants.

_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (#2), AND DISMISSING CLAIMS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)

Plaintiff Ricardo Gonzales filed a complaint and application to proceed without prepayment of fees on May 13, 2008. Consistent with plaintiff's accompanying affidavit, the court is persuaded plaintiff is unable to pay the fees associated with the filing of his complaint. Accordingly, plaintiff's application to proceed without the prepayment of fees, or in forma pauperis ("IFP"), is hereby GRANTED. See 28 U.S.C. § 1915(a)(1).

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this court must dismiss Gonzales' IFP claim upon determining that the claim fails to state a claim on which relief may be granted. McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997). In determining whether a pro se IFP complaint fails to state a viable claim, the complaint must be construed in a light most favorable to the plaintiff, with the court determining whether "the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." Thomas v. Social Security, No. 04-CV-10110-BC, 2004 WL 3960937, at *1 (E.D. Mich. June 2, 2004) (quoting Cline v. Rogers, 87 F.3d 176 (6th Cir. 1996)).

Gonzales alleges that, on September 19, 2007, he was terminated by defendant Marysville School District from his position as a Custodial Engineer. Gonzales alleges he was treated differently than other similarly situated employees, and terminated, because of his Hispanic heritage, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq..[1] A plaintiff must satisfy two prerequisites before filing a Title VII action in federal court: (1) timely file a charge of employment discrimination with the EEOC; and (2) receive and act upon the EEOC's statutory notice of the right to sue, commonly referred to as a right-to-sue letter. Granderson v. University of Michigan, 211 F. App'x. 398, 400 (6th Cir. Dec. 12, 2006). See also Zipes v. Transworld Airlines, Inc., 455 U.S. 385, 393 (1982). Gonzales does not allege that he ever filed an administrative complaint with the EEOC, or that he is in receipt of an EEOC right-to-sue letter. Accordingly, without these prerequisites, Gonzales undoubtedly can prove no set of facts before this federal district court that would entitle him to relief under Title VII, warranting dismissal without prejudice. See McCarthy v. First American Title Ins. Co., No. 1:05-CV-409, 2006 WL 1207995 (W.D. Mich. May 1, 2006) (citing Mayers v. Sedgwick Claims, Mgmt. Services, Inc., 101 F. App'x 591, 593 (6th Cir.), cert denied, 543 U.S. 966 (2004)).

Plaintiff's claims are hereby DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted..

SO ORDERED.

Dated: May 16, 2008

s/George Caram Steeh_____
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

_____

[1] In the "Civil Cover Sheet," Gonzales cites "USC - Title 42, Chapter 21, SC VI 2000e-2" as the federal statute under which he is filing his claim. Gonzales also makes a damage demand of $1,000.000.00.

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 16, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk